[Civ. No. 5250. First Appellate District, Division Two.—December 3, 1925.]

## J. S. BLAIN, Respondent, v. R. T. BURGE, Appellant.

[1] JUDGMENTS — FOREIGN JUDGMENT — RECITALS — PRESUMPTIONS IN SUPPORT OF JUDGMENT—BURDEN OF PROOF.—In an action upon a judgment rendered in a sister state, where the judgment contains all the recitals essential to the jurisdiction of the courts of that state, including a recital of due personal service of process, such recitals must be presumed to be true unless controverted by other parts of the record or by independent proof, and the burden of proof is upon the party attacking the judgment; and if the presumptions of regularity and jurisdiction are not overcome, a foreign judgment has the same effect as a final judgment in this state by virtue of the provisions of section 1915 of the Code of Civil Procedure.

[2] ID.—EFFECT OF JUDGMENT—COLLATERAL ATTACK.—Where there has been no direct attack upon a judgment rendered in a sister state, and it has become a final judgment in that state, the rules of law covering collateral attacks upon judgments in this state are particularly applicable.

[3] ID. — JURISDICTION — FINDINGS — EVIDENCE — APPEAL. — In an action upon a judgment rendered in a sister state, where the trial court in this state finds that the court of the sister state had jurisdiction to render the judgment, that finding is conclusive on appeal, there being ample evidence to support it.

(1) 34 C. J., p. 537, n. 72, p. 547, n. 19, 20, 21, p. 1120, n. 82, p. 1132, n. 4, p. 1140, n. 62. (2) 34 C. J., p. 1132, n. 4, p. 1142, n. 71. (3) 4 C. J., p. 877, n. 80; 34 C. J., p. 1145, n. 87.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Hall for Appellant.

Moote & Patterson for Respondent.

1. See 15 Cal. Jur. 246; 15 R. C. L. 887.
2. See 15 Cal. Jur. 244; 15 R. C. L. 929.

NOURSE, J.—Plaintiff sued on a judgment which had been rendered in his favor and against the same defendant in the state of Texas. Plaintiff also had judgment in this action, from which the defendant has appealed on a record prepared under section 953a of the Code of Civil Procedure.

In his complaint in this action the plaintiff pleaded that he recovered a judgment against the defendant for $2,379.21, with interest at six per cent a year in the district court of Jefferson County, Texas, and that said judgment was duly entered and recorded. The defendant denied these allegations for want of information or belief and, as a special defense, alleged that on August 5, 1921, he was served with a citation issued out of the 58th district court of Jefferson County, Texas, citing him to appear and answer before the 60th district court of the same county; that he employed counsel who attended the session of the 60th district court on the appearance date fixed in said citation; that on said date said counsel learned that said cause was not on the docket of said court and that the same was not called for answer; that thereafter the default of this defendant was entered in said cause and judgment thereon was rendered against this defendant by said 60th district court, which is the judgment here in controversy; that said judgment is void for want of jurisdiction because the said cause had not been duly transferred to the 60th district from the 58th district prior to the issuance of the citation to the defendant to appear in the former district.

The trial court found that the defendant was personally served with process to appear in the 60th district court and that said process was not issued out of the 58th district court as alleged in the answer. The jurisdiction of the 60th district court to render the judgment in suit was found by the trial court both as a matter of fact and as a conclusion of law.

The facts of the case which are undisputed are that the two courts exercised concurrent jurisdiction in the county of Jefferson and that the records of both courts are kept by the same clerk. The complaint was filed with this clerk and the cause assigned to the 58th district. The judge presiding in that district immediately assigned the cause to the 60th district and the clerk thereupon issued the citation requiring

the defendant to appear in that court. No appearance was made at any time, and because of defendant's default judgment was entered against him in full accord with the legal proceedings provided in such cases by the laws of Texas. No appeal or other attack had been made on this judgment in the Texas courts and it had become final before the entry of the judgment in this state.

[1] It is stated in argument that the Texas judgment contained all the recitals essential to jurisdiction, including a recital of due personal service of process. Such recitals must be presumed to be true unless controverted by other parts of the record or by independent proof. (15 Cal. Jur., sec. 248, p. 246; *Estate of Pusey,* 177 Cal. 367, 374 [170 Pac. 846].) The burden of proof is on the party attacking the judgment (*Collins* v. *Maude,* 144 Cal. 289 [77 Pac. 945]), and if the presumptions of regularity and jurisdiction are not overcome a foreign judgment has the same effect as a final judgment in this state. (Sec. 1915, Code Civ. Proc.)

[2] As there has been no direct attack upon the Texas judgment, it has become a final adjudication in that state. Therefore the rules of law above noted covering collateral attack upon judgments in this state are particularly applicable. [3] The trial court in this state having found that the Texas court had jurisdiction to render the judgment, that finding is conclusive on this appeal, there being ample evidence to support it.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.