[Crim. No. 4322.   Second Dist., Div. Three.   Mar. 15, 1949.]

In re ELLEN MAXINE BROWN, on Habeas Corpus.

Johnson & Ladenberger for Petitioner.

Ray H. Enter for Respondent.

SHINN, P. J. — Habeas corpus to determine conflicting claims of divorced parents to the custody of a minor child. Petitioner, the mother, was awarded a decree of divorce and exclusive custody of the female child, 5 years of age, by the court of the Eighth Judicial District, in and for Clark County, Nevada, on April 9, 1948. Respondent, the father, was awarded a decree of divorce and exclusive custody of the child by the Superior Court of Los Angeles County, California, on April 30, 1948. In May, 1948, the child was taken from the custody of petitioner and has since been detained by respondent in the State of California. A writ of habeas corpus was issued upon the application of petitioner, respondent filed his return, and at the hearing it was stipulated that the petition be deemed a traverse to the return. The following facts were established, either by uncontroverted allegations of the verified pleadings or by stipulation of the parties at the hearing: Petitioner went from Los Angeles to Las Vegas, Nevada, in January, 1948, for the purpose of establishing residence in the State of Nevada; the child remained in Los Angeles with respondent until March 3, 1948, when petitioner took her to Nevada, with the intention of retaining her custody permanently; the child remained in Nevada with petitioner; on March 5, 1948, the petitioner filed suit for divorce in Nevada and respondent was personally served with summons and complaint in Nevada on the same day; a demurrer was filed by a Las Vegas attorney for respondent, but it was later withdrawn upon an order of court after a showing that it had been filed inadvertently and without authority; respondent's default was entered, and on April 9 the court adjudged that petitioner was a bona fide resident of the State of Nevada and granted her a divorce and sole custody of the child. Respondent instituted his action for divorce in Los Angeles County on March 2, 1948; petitioner was personally served with summons and complaint in Clark County, Nevada, on March 3d, the same day she had taken the child to Nevada. Petitioner defaulted in the California action and respondent was awarded a decree of divorce and custody of the child. In May, petitioner returned to Los Angeles with the child, and respondent, when allowed to visit the child, took her into his custody upon the authority of the California decree. Petitioner has remarried and now resides with her husband in Utah.

■ Upon the hearing before us the validity of the Nevada decree was brought in question. Respondent alleged in his return that petitioner did not establish a bona fide residence in Nevada. He further alleged that petitioner came to Los Angeles County where she remained and was employed from June until some time in August. He also produced what purported to be a letter from petitioner's former employer in Los Angeles County, stating that while petitioner was in Las Vegas she wrote to him requesting that she be given her former position, which request was denied. No objection was made by petitioner to the receipt of these matters in evidence upon the ground that the Nevada decree was not subject to collateral attack, and we do not decide that question. We shall consider only the question whether respondent has succeeded in proving that petitioner did not establish a bona fide residence in Nevada. He charges, in effect, that petitioner was guilty of perjury and of fraud upon the Nevada court when she testified that she was a bona fide resident of the state. This accusation has no support beyond its mere assertion by respondent. Petitioner's presence in Los Angeles County during a part of the summer of 1948 was subsequent to respondent's taking possession of the child and it does not appear that her request to be reinstated to her former employment in Los Angeles County was made prior to that time.

■ A presumption of validity attached to the Nevada decree (*In re Kyle,* 77 Cal.App.2d 634, 636 [176 P.2d 96], and cases there cited), and the burden of proof to show invalidity rested upon respondent (*Blain* v. *Burge,* 75 Cal.App. 418, 420 [242 P. 894] ; 27 C.J.S. § 335, p. 1301). He was required to support his charges by clear and convincing evidence. (*Collins* v. *Maude,* 144 Cal. 289, 293 [77 P. 945] ; *Smith* v. *Moore Mill & Lumber Co.,* 101 Cal.App. 492, 496 [281 P. 1049].) It would result in endless confusion and work great injustice if a judgment based upon findings of fact judicially established by the court could be overthrown by the affidavit or other sworn statement of an interested party that the facts had been erroneously determined. ■ It is sufficient to say that the meager showing of respondent in the instant proceeding was wholly insufficient to justify a finding that petitioner was not a bona fide resident of the State of Nevada when she was awarded a decree. It follows, therefore, that petitioner ceased to be the wife of respondent on April 9, 1948. ■ The child was domiciled in Nevada and this fact

was sufficient to vest the Nevada court with jurisdiction to make an award of custody to petitioner. (*Sampsell* v. *Superior Court*, 32 Cal.2d 763, 773, et seq. [197 P.2d 739]; Rest., Conflicts, 117; 27 C.J.S. § 303, p. 1163.)

The final question is whether the award of custody to petitioner was superseded by the California decree. We shall assume, without so deciding, that the California court had jurisdiction in the custody matter for the reason that at the time respondent's action was filed, March 2, 1948, the child was living in California. Her presence there would have given the California court jurisdiction to make an award of custody. (*Maloney* v. *Maloney*, 67 Cal.App.2d 278 [154 P.2d 426].) It may be noted, however, that long before respondent received his decree, on April 30, 1948, the domicile of the child had been established in Nevada, although we do not comment as to whether this fact affected the jurisdiction of the California court.

In awarding custody, the California court was exercising the powers conferred by section 138, Civil Code, which provides for the award of custody of minor children in actions for divorce. The court possesses similar powers where an action for custody is brought without application for divorce (Civ. Code, §§ 199, 214), but respondent did not bring an independent action for custody. It is not necessary to distinguish between the powers of the court with respect to custody in divorce actions and those in actions where no divorce is sought. We have to consider only the decree that was rendered by the California court and to determine from the decree itself what the court attempted to do, and what, if anything, it succeeded in doing. Relief was granted in two forms, namely, dissolution of the marriage and custody of the child. The court, of course, was not competent to dissolve a marital relation that no longer existed. The attempted award of a divorce was a nullity. The question then is whether the provision for custody can stand alone. Clearly, it cannot. The court did not award custody independently of the award of divorce. The decree was entire. Respondent was awarded a divorce, and with it the custody of the child. We are compelled to conclude that custody was awarded because the court undertook to dissolve the marital relationship, and as a mere incident to the main relief granted.

The Nevada decree, of course, was not final with respect to the matter of custody. It was subject to modification either by the Nevada courts or the courts of California. However,

the decree of a foreign state with respect to custody will be respected by a California court, and will be superseded by a contrary award of custody only upon the ground of changed circumstances. (*Foster* v. *Foster*, 8 Cal.2d 719, 726-728 [68 P.2d 719] ; *In re Swindall, ante,* p. 177 [202 P.2d 845] ; Rest., Conflicts, § 147.) ▉ Not only did respondent fail to show that his application to the California court was made upon that ground, but it was established by the facts in evidence on the hearing before us that no change of circumstances had taken place between April 9th, when petitioner was awarded her decree, and April 30th, when respondent's action was tried. We must necessarily assume that no facts were presented to the California court which would justify a modification of the award of custody to petitioner and that the court therefore awarded custody to respondent solely upon the ground that petitioner had been guilty of conduct which constituted a ground for divorce. Any attempt upon our part to give effect to the custody provision alone would be an attempt to create a judgment which the court did not render. The California court did not undertake to exercise its power to determine the right to custody as between undivorced parents of the child. Since the decree, in form and purpose, was an attempt to dissolve the supposed marital relationship, and as an incident thereto to award custody to respondent, it was ineffective for any purpose. We therefore conclude that plaintiff's right to custody, granted by the Nevada court, was not impaired or affected in any way by the California decree.

It is ordered that the child, Bonnie Lynn Brown, be forthwith delivered into the custody of petitioner.

Wood, J., and Vallée, J., concurred.