[Civ. No. 19465.  Second Dist., Div. Three.  Jan. 28, 1953.]

SUE ORAVEC, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; GEORGE F. BURKES, Real Party in Interest.

Jacque Boyle for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

SHINN, P. J.—This is a proceeding in mandate to require the respondent court to hear and determine petitioner's application for temporary support of minor children, court costs and attorney's fees in her action against her former husband, George F. Burkes, now pending in respondent court. It is alleged in the petition that the court failed and refused to consider petitioner's application and dismissed it upon the ground that the court was without jurisdiction to grant it.  It is alleged that in another state petitioner was granted a divorce from defendant, was awarded custody of the minor children and defendant was ordered to make weekly payments to petitioner for the support of the children; that the minor children have been and are in the custody of petitioner; that defendant, having the ability so to do, has failed and refused to provide for their support and maintenance;

582

that petitioner is without funds, all of which facts were duly presented to respondent court in petitioner's application for temporary allowances aforesaid. By her complaint petitioner also sought judgment for $3,900 alleged to be due and unpaid under the foreign judgment; also support for the minor children and an award for attorney's fees and costs. Upon the hearing pursuant to the alternative writ no appearance was made by respondent court or George F. Burkes.

The superior court had jurisdiction to award support money for the support of the minor children, for attorney's fees and costs. The facts of the case differ in no material respect from those in the case of *Dixon* v. *Dixon,* 216 Cal. 440 [14 P.2d 497]. It was there held that in an action brought by the mother of a minor child against the father seeking support for the child, the court had authority under section 137 of the Civil Code to make an allowance for support, for counsel fees and costs. The fact that the wife had been granted a divorce in another state did not preclude her right to sue for support of the child. Former section 137 has been rewritten and some of its provisions appear as separate sections. Under section 137.1 petitioner had a right to bring suit against the children's father for their support, maintenance and education. In the action which petitioner brought the court was authorized under sections 137.2 and 137.3 to order the father to pay her any amount necessary for the support, maintenance and education of the children and such amount as was reasonably necessary for the cost of maintaining the action and for attorney's fees. The jurisdiction of the court was in no manner affected by the judgment of divorce which awarded petitioner the custody of the children and made an award against their father for their support. (*Dixon* v. *Dixon, supra*; *Smith* v. *Smith, ante,* pp. 92, 101 [251 P.2d 720].) It is immaterial that petitioner was also seeking to establish the foreign judgment. The action was for the support and maintenance of children and the court was required to hear and determine the application on the merits.

Let the writ issue commanding the superior court to vacate its order dismissing plaintiff's application and to proceed with a hearing on the same.

Wood (Parker), J., and Vallée, J., concurred.