[Civ. No. 20913.   Second Dist., Div. Three.   Apr. 19, 1955.]

GERTRUDE ELEANOR WARREN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ROBERT LLOYD WARREN, Real Party in Interest.

Richard B. Newton and Paul F. Loveridge for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and Wm. E. Lamoreaux, Deputy County Counsel, for Respondent.

Roland Maxwell, Paul H. Marston and Richard W. Olson for Real Party in Interest.

WOOD (Parker), J.—Petition for writ of mandate commanding the superior court to hear and determine an order to show cause regarding support of children, attorney's fees, and costs pendente lite.

Petitioner filed a complaint against Robert L. Warren wherein she alleged that she obtained a decree of divorce from him in Oregon in 1948, in which decree she was awarded custody of their two minor children, and defendant was ordered to pay $50 a month for the support of each child, and to pay $50 a month for plaintiff's support. She alleged further that in 1954, pursuant to application of defendant, the order for support of children was reduced to $25 a month for each child. She alleged further that $3,000 was unpaid upon the said order for her support. In the prayer she asked that defendant be ordered to pay: (1) $50 a month for the support of each child or, in the alternative, to pay the $25 a month for each child as ordered by the Oregon court and to pay $25 additional a month for each child; (2) $3,000 representing unpaid support for plaintiff; (3) reasonable attorney's fees, and costs.

Upon application of petitioner, an order was issued directing the defendant therein to show cause on December 21, 1954, in department 8, why he should not be required to pay to petitioner reasonable sums for attorney's fees, costs, and support of children pending the trial of the action.

On December 21, the defendant made a motion to dismiss the order to show cause. The minute order of that date states: "After oral arguments the matter is continued to January 11, 9:30 a. m." On December 29, petitioner obtained another order directing the defendant to show cause, with respect to the same matters, on January 28, in department 8. The minute order of January 11, states: "On statement of counsel, the matter is continued to January 28, 1955, at 9:30 a. m." On January 28, the minute order states: "All matters continued to time of trial."

Petitioner refers to section 137.2 of the Civil Code which

provides that during the pendency of any action for the support of children "the court may order the husband . . . to pay any amount that is necessary" for the support of the children. She also refers to section 137.3 of the Civil Code which provides that during the pendency of any action for the support of children "the court may order the husband . . . to pay such amount as may be reasonably necessary for the cost of . . . the action and for attorney's fees."

Petitioner contends that the court had jurisdiction to order payments, pendente lite, for support of children, attorney's fees, and costs, even though a foreign judgment contains a provision for the support of children. The court had such jurisdiction. In *Oravec* v. *Superior Court*, 115 Cal. App.2d 581 [252 P.2d 364], the wife obtained a divorce in another state, and the husband was ordered to make payments for the support of the children. The wife commenced an action in California against the husband for support of the children, attorney's fees, costs, and for judgment for an unpaid amount under the foreign judgment. She made application for support of children, attorney's fees, and costs pending the trial. The trial court dismissed the application upon the ground that the court was without jurisdiction to grant it. The wife therein petitioned the District Court of Appeal for a writ of mandate compelling the trial court to hear her application. The court said (p. 582): "The superior court had jurisdiction to award support money for the support of the minor children, for attorney's fees and costs. . . . The jurisdiction of the court was in no manner affected by the judgment of divorce which awarded petitioner the custody of the children and made an award against their father for their support. [Citation.] It is immaterial that petitioner was also seeking to establish the foreign judgment. . . . [T]he court was required to hear and determine the application on the merits." It is to be noted that in that case the application was dismissed upon the ground that the court did not have jurisdiction to grant it, whereas in the present case the order to show cause was not dismissed but was continued to the time of trial. The record herein does not show that the trial judge was of the opinion that the court did not have jurisdiction to grant petitioner's application.

Petitioner also contends that since the court had jurisdiction to make an order for the support of children, attorney's fees, and costs pending the trial, the court was under a

duty to hear and determine the matter upon the merits. At
the oral argument before this court it was stipulated that
the superior court file in the present matter might be sub-
mitted to this court and considered as a part of the record.
That file shows that the petitioner herein, in her affidavit
for an order to show cause in re support of children, attor-
ney's fees, and costs, stated (1) that during the last year
she earned approximately $250 per month and that she
expected to continue in the occupation in which she earned
that amount; (2) that $50 would be a reasonable amount for
attorney's fees, and $20 would be a reasonable amount for
costs; and (3) that $25 a month additional for each of the
two children would be a reasonable amount for the children.

■ With reference to attorney's fees and costs, it was not
necessary legally that petitioner obtain an order for payment
thereof prior to the time legal services were rendered or
costs were incurred. "Attorney's fees and costs . . . may
be awarded for legal services rendered or costs of action
incurred prior, as well as subsequent, to any . . . order of
court therefor." (Civ. Code, § 137.3.) ■ With reference
to support for the children, the court was not required to
make an order for their support. Said sections 137.2 and
137.3, above referred to, provide that the court "may order"
the husband to pay for such support. ■ In June, 1954,
about five months before the first order to show cause herein
was issued, the Oregon court had modified its order for
support of the children by reducing the amount, required to
be paid monthly for each child, from $50 to $25. The father
complied with the order of the Oregon court when it pro-
vided for payment of $50 and when it provided for payment
of $25. It therefore appears that the Oregon court had
recently ruled upon the matter of support for the children,
and the father complied with that order. The affidavit of
petitioner shows that she earns approximately $250 a month.
The minute order of December 21, 1954, shows that oral
arguments were made on that date. Also, the minute order
of January 11, 1955, shows that a "statement of counsel"
was made on that date. The record does not indicate the
subject of those arguments or of that statement. In view of
the recent order of the Oregon court, the compliance by the
father with that order, the earning capacity of petitioner,
and the lack of a record as to the statements made by counsel
in the trial court, it cannot be said that the trial court was
under a duty to either grant the application, in whole or

in part, or to deny it. Under the circumstances appearing here, it was a matter within the discretion of the trial court as to whether there should be a continuance to the time of trial.

Petition for peremptory writ of mandate is denied. Alternative writ of mandate is discharged.

Shinn, P. J., and Vallée, J., concurred.