[Civ. No. 26578.   Second Dist., Div. One.   Dec. 26, 1962.]

MARY W. HOOD, Plaintiff and Respondent, v. WILLIAM
C. HOOD, JR., et al., Defendants and Appellants.

Marvin G. Poverny for Defendants and Appellants.

Meserve, Mumper & Hughes for Plaintiff and Respondent.

FOURT, J.—This is an appeal from an order awarding plaintiff alimony pendente lite in connection with plaintiff's action to establish two foreign alimony judgments in California.

The chronology of events is as follows:

On February 23, 1962, plaintiff filed a complaint to establish foreign judgment for alimony and attorneys' fees and for attorneys' fees and costs herein. In the first cause of action alleged therein she asserted in substance that the Circuit Court of Monongalia County, West Virginia (a court of general jurisdiction over matters in equity and law) had, on or about July 10, 1945, jurisdiction over plaintiff and defendant and had rendered a decree of divorce incorporating a separation and property settlement agreement which previously had been executed between the parties. A copy of the decree of divorce and property agreement was attached to the complaint as Exhibit A and incorporated by reference. On December 1, 1960, the said West Virginia court, having jurisdiction over both plaintiff and defendant, made an order reducing the alimony and support payment to plaintiff because of emancipation of the child of the parties. This order was attached to the complaint as Exhibit B and incorporated by reference. It was further alleged that the orders of July 10, 1945, and December 1, 1960, have become final, have never been vacated or set aside, have never been modified, and that no other legal proceedings have been had in said proceeding affecting the support, maintenance and other obligations described; that defendant had knowledge of the orders of July 10, 1945, and December 1, 1960; that by the provisions of the December 1, 1960, order ''defendant was ordered to pay plaintiff unpaid installments under previous Order of July 10, 1945. . . in the total sum of $3,665.00, and attorneys' fees of $150.00, none of which amounts have been paid; that the sum of $3,815.00 is presently due, owing and unpaid on said Order for accrued installments of alimony and attorney's fees.''

In the second cause of action plaintiff incorporated by reference allegations of the first cause of action and further alleged that:

''2. In addition to the moneys due, owing and unpaid from defendant . . . to plaintiff under the aforesaid Order of the Circuit Court of Monongalia County, West Virginia, there has become due and there is now due, owing and unpaid the sum of $1,100.00, being the amount of alimony therein awarded for the months of December 1960 through October 1961, less

payments received by plaintiff as follows: Ten (10) payments of $40.00 each, or a total of $400.00 has been received as of November 1, 1961.''

In the third cause of action, in addition to incorporating by reference allegations of the first cause of action, plaintiff alleged that:

''. . . there are additional arrearages of alimony and child support which have accrued since the payments due up to and including October, 1961. Plaintiff is informed and believes, and upon such information and belief alleges, that there will be further arrearages between the present date and the date of trial or hearing in the within proceeding. Plaintiff is presently unable to state the amount of the additional arrearages herein alleged but when said amount is ascertained, leave of court will be asked to amend this complaint and include said amount herein.

''Wherefore, plaintiff prays judgment of the Court as follows:

''(1) That the Orders of the Circuit Court of Monongalia County, West Virginia, Docket No. 4931, made July 10, 1945 and December 1, 1960, be established as judgments in the State of California, and defendant, William C. Hood, Jr., be ordered to perform the executory provisions of said judgments and orders.

''(2) That it be adjudged and decreed that there is now due, owing and unpaid to the plaintiff from defendant . . . pursuant to judgments of the West Virginia court hereinabove described the following sums:

''(a)   Accrued alimony to December 1, 1960      $3,665.00
''(b)   Counsel fees                             $ 150.00
''(c)   Alimony accruing between December
        1960 and October 1961, inclusive
        less payments made by defendant . . .    $ 700.00
''(d)   A sum to be determined by the Court herein at
        time of trial representing accrued arrearages arising under and pursuant to the Order of the Circuit
        Court of Monongalia County, West Virginia,
        between October 31, 1961 and the date of trial or
        judgment herein.
''(e)   Interest on all such sums at the rate and for the
        periods allowed by the laws of the State of West
        Virginia.

''(3)   For alimony for plaintiff during the pendency of this

action and permanently thereafter at the rate of $100.00 per month.

"(4) For reasonable attorneys' fees and court costs for the prosecution of the within action, both to Hale J. Posten, attorney at law, practicing in the State of West Virginia, and to Meserve, Mumper & Hughes in California.

"(5) That defendant . . . be ordered to appear before this Court and show cause why he has not paid the said sums for alimony and support of plaintiff.

"(6)  .    .    .    .    .    .    .    .    .

"(7)  .    .    .    .    .    .    .    .    .

"(8) That plaintiff be awarded such other and further relief as the Court deems just, including other remedies provided by Section 140 of the Civil Code."

On the same date, February 23, 1962, the trial court issued an order to show cause re attorneys' fees, court courts, alimony pendente lite, and restraining order.

On March 9, 1962, defendant William C. Hood, Jr., filed his answer to plaintiff's complaint. A declaration of the husband was filed March 14, 1962.

A minute order dated March 30, 1962, and entered April 3, 1962, from which defendant appeals, provides in pertinent part as follows:

"The above entitled matter having heretofore been submitted upon the filing of briefs by the respective counsel, and said briefs having been received and considered by the Court, the Court now makes the following order:

"Defendant is ordered to pay plaintiff $100 a month for her support, payable on the 15th of each month beginning April 15, 1962.

"Attorney fees and court costs, if any, are to be fixed at time of trial.

"Restraining orders now in effect shall remain in effect."

Defendant's first contention is that the trial court had no jurisdiction to make an award of alimony pendente lite in an action to establish a foreign alimony judgment.

The gist of appellant's contention is that there is neither statutory authority nor California case law permitting the award of alimony pendente lite relative to an action to establish a foreign judgment for alimony, and hence, the trial court is without jurisdiction to make such an award.

It is true apparently that no California case has specifically adjudicated the question of whether a pendente lite alimony award is proper; by the same token, no California case has

been cited to this court which declares that such an award is improper. We believe we are dealing with a question of first impression in this state.

What was stated in *Hudson* v. *Hudson*, 52 Cal.2d 735, 743-744 [344 P.2d 295] is helpful in resolving this question:

"Defendant contends, however, that section 137.2 of the Civil Code *requires an existing marriage as a jurisdictional prerequisite for the granting of alimony pendente lite.* [6] Section 137.2, together with the other sections of the Civil Code concerning alimony and support (§§ 136, 139) specifically authorize courts to award alimony and support during actions for divorce or separate maintenance. *These sections, however, govern the case of a domestic divorce in which the court has jurisdiction of both parties. They are not concerned with a case, such as this one, involving foreign elements.* . . .

[7] If defendant's Idaho decree is valid, we must give it the full faith and credit required by the Constitution of the United States: that is, we must recognize that the parties are no longer married and that no divorce can be granted to plaintiff. *Once this fact is established the sections of the Civil Code invoked by defendant become irrelevant, for they deal solely with the award of alimony or support in divorce cases.* . . .

"[10] Defendant contends that our courts can grant alimony only in an action for divorce, on the ground that it is only in such an action that the statutes provide for alimony. This contention was answered adversely to defendant as early as 1869. In *Galland* v. *Galland*, 38 Cal. 265 . . . [t]he court held that it had *general equity powers to grant alimony in cases aside from those specifically provided for by statute.* . . .

"  .   .    .    .    .    .    .    .    .    .

"[12] Since plaintiff may maintain her action for permanent alimony without attacking defendant's Idaho decree, it follows that she may receive temporary alimony, costs, and fees to enable her to continue the suit when she has shown that she needs such relief and that defendant has the ability to provide such assistance." (Emphasis added.)

Although the *Hudson* case was not concerned with the problem presented in the case at bar (*i.e.* it dealt with the issue of divisible divorce) it does constitute judicial recognition of a general equity power to award alimony, and more pertinent to the case at bar, an equity power, independent of statute, to award alimony pendente lite.

The effect of a judgment of a sister state is the same

in this state as in the state where it was made except that it can be enforced here only by an action or special proceeding. (*Smith* v. *Smith*, 115 Cal.App.2d 92, 102 [251 P.2d 720].)

It is stated in *Biewend* v. *Biewend,* 17 Cal.2d 108, 110-113 [109 P.2d 701, 132 A.L.R. 1264], in pertinent part as follows:

"[1] An order for the payment of money as alimony rendered by a court of competent jurisdiction in one state must be recognized by all other states under the full faith and credit clause of the United States Constitution as to all accrued installments not subject to modification by the court rendering the original order. [Citations.]

"Only if such accrued payments are still subject to modification may recovery be denied. [Citations.]

" . . . . . . . . . . .

"[4] The full faith and credit clause, however, does not obligate the courts of one state to enforce an alimony decree rendered in another state with regard to future payments, particularly when such future installments are subject to modification by the court of original jurisdiction. [Citations.]

"Upon the basis of comity, however, as distinguished from the requirements of full faith and credit, the California courts have in numerous cases ordered that a foreign decree for future payments of alimony be established as the decree of the California court with the same force and effect as if it had been entered in this state, including punishment for contempt if the defendant fails to comply. [Citations.]"

The purpose of alimony pendente lite is to insure that the person will have support and be able to conduct her side of the litigation pending the trial of the issue made by the pleadings. (*Storke* v. *Storke,* 99 Cal. 621 [34 P. 339]; *Helpling* v. *Helpling,* 74 Cal.App. 431, 435 [240 P. 1023].)

In *Hudson* v. *Hudson, supra,* 52 Cal.2d 735 [344 P.2d 295] it was indicated that pendente lite relief (i.e., temporary alimony, costs and fees) was available to enable plaintiff to maintain her action for permanent alimony—this by virtue of general equity powers. The respondent in the case at bar should not be relegated to an inferior position because of having reduced her case to judgment in another jurisdiction. We hold that the trial judge had jurisdiction to make a pendente lite alimony award.

Appellant's second and last contention is that the trial court abused its discretion in awarding alimony pendente lite to respondent. This contention must be sustained.

As previously set forth, the trial court ordered defendant to pay plaintiff $100 per month. This was the identical amount required by the December 1, 1960, order of the Circuit Court of Monongalia County, West Virginia.[1]

The record discloses that plaintiff presented no evidence as

[1]The foreign order provides in pertinent part as follows:

"ORDER

"This cause came on this day to be again heard upon the petition of the defendant, William C. Hood, Jr., for the abatement or reduction of the monthly installments of alimony and support, provided by the said William C. Hood, Jr. to be paid to Mary W. Hood under a former decree of this Court, which petition duly verified was heretofore filed; and upon the Answer of the respondent, duly verified which was likewise filed; and upon the deposition of William C. Hood, Jr. which was taken in Los Angeles County, California, on the 14th day of July, 1960, after proper notice thereof had been served upon the respondent; and upon the appearance of the petitioner by his Attorney, Kenneth E. Kincaid, and the appearance of the respondent both in person, and by her Attorney, Hale J. Posten; and upon the note of argument submitted by the respondent and upon the memorandum of authority submitted by the petitioner. Thereupon the Court proceeded to hear all of the evidence introduced by the petitioner, in support of his said petition, which said evidence and testimony was offered by means of the aforesaid deposition as well also as the evidence introduced on behalf of the respondent in resistance of said motion; and after all of the evidence has been introduced, the Court proceeded to hear argument of Counsel. Upon consideration of all of which the Court is of the opinion that the petitioner is not entitled to the entire abatement of the future payments of alimony installments heretofore ordered to be paid by him to the respondent, by a former decree of this Court; but that he is entitled to a reduction due to the fact that the respondent is no longer responsible for the support and maintenance of the infant, William C. Hood, III, for whom support was provided in the former decree; and that for the reason that the aforesaid infant has now reached maturity and has become emancipated, the alimony installments shall be reduced to One hundred dollars ($100.00) per month; and that this reduction of alimony shall take effect as of the 1st day of December, 1960, but shall not apply to the installments now due but not paid for certain months in the past, by virtue of a former decree made by this Court in this cause, which unpaid installments presently total Three thousand six hundred sixty-five dollars ($3,665.00), and which installments the said petitioner shall pay, and for which amount a decretal judgment is hereby granted; and the Court being further of the opinion that the petitioner should pay the respondent's counsel fee for legal services rendered incident to this hearing.

"It is therefore adjudged, ordered and decreed that commencing on the 1st day of December, 1960, the said petitioner, William C. Hood, Jr., shall pay to the respondent, Mary W. Hood, alimony in installments of One hundred dollars ($100.00) per month, instead of One hundred seventy-five ($175.00) per month; but he shall pay the said respondent Three thousand six hundred sixty-five dollars ($3,665.00) for alimony and support covering those months for which alimony has not been paid from April, 1958 until and including the month of November, 1960; said installments of alimony of One hundred dollars ($100.00) per month commencing on December 1, 1960, shall continue until further order of this Court; and the said petitioner shall pay counsel fees to respondent's attorney in the sum of One hundred fifty dollars ($150.00)."

to her needs. The only evidence admitted on behalf of plaintiff were copies of the foreign orders. ▉ It is stated in *Loeb* v. *Loeb*, 84 Cal.App.2d 141, 148-149 [190 P.2d 246] in pertinent part as follows:

"[7] . . . [T]he grant or denial of pendente lite allowances of temporary alimony and suit money rests in the sound discretion of the trial court. However, that discretion should not be exercised arbitrarily. [Citations.] ▉ The . . . [person] seeking these awards must establish her necessity for them. Such necessity may be proved only by showing that her need for proper support and the expense of the litigation exceed her available resources. This means that the trial judge must be informed in detail not only as to her needs [citation], but also as to her resources. [Citations.] Here the trial court was uninformed of respondent's total available resources. Manifestly, the court could not exercise a judicial discretion without knowledge of the essential facts."

▉ It was incumbent upon plaintiff to introduce evidence which would support a pendente lite award. There is nothing to prevent plaintiff from introducing evidence which would warrant a pendente lite award in the future.

For the reasons stated, the judgment is reversed.

Wood, P. J., and Lillie, J., concurred.