[Civ. No. 289.    Fifth Dist.    July 16, 1964.]

NONA LARRAINE CHICHESTER, Plaintiff and Respondent, v. MICHAEL MORRIS CHICHESTER, Defendant and Appellant.

Vizzard, Baker, Sullivan & McFarland and Allan H. Mc-
Farland for Defendant and Appellant.

J. Richard Thomas for Plaintiff and Respondent.

BROWN (R.M.), J.—This appeal is taken by defendant-
appellant from a pendente lite order entered in an action
brought by plaintiff-respondent seeking to have a foreign de-
cree granting to plaintiff a divorce and other relief established
as a judgment of this state, which order awards to the
plaintiff the temporary custody of a minor child and attorneys'
fees, decrees that the foreign decree is entitled to full faith
and credit and that the child custody provision of a prior
California decree granting a divorce to defendant is null and
void. The notice of appeal runs to the entire order but de-
fendant makes no charge of error as to that portion thereof
which awards suit money.

The facts pertinent to this opinion may be summarized
thusly:

Plaintiff and defendant were wife and husband. One child,
Becky Lee Chichester, was born to them on February 25,
1960. They resided in California. About May 22, 1961, plain-
tiff removed to the State of Alaska taking the minor child
with her. Defendant remained in California.

On July 13, 1962, defendant was granted an interlocutory decree of divorce in the Superior Court, Kern County (hereinafter referred to as the California decree). The decree awarded to defendant the custody of the minor child. Plaintiff here, defendant in that action, was personally served in Alaska by substituted service. She did not appear or participate in the California action. That decree has never been modified or vacated in a California court and no appeal therefrom was taken.

Defendant subsequently journeyed to Alaska and about July 27, 1962, removed the minor child to California under authority of the custody provision of the California decree. The child has been in California ever since in the physical custody of the appellant, and there is no suggestion of mistreatment in the record.

On August 3, 1962, plaintiff was granted a divorce from defendant in the Superior Court for the State of Alaska, Third District (hereinafter referred to as the Alaska decree), which, by its terms, was an absolute decree forever dissolving the marriage of the parties. Defendant was personally served with process in California by substituted service. He did not appear or participate in the Alaska action. The Alaska decree has never been modified or vacated, nor did defendant appeal therefrom. That decree provided, among other things, that plaintiff be awarded custody of the minor child.

Plaintiff then, on November 30, 1962, filed this action in the Superior Court of Kern County in California seeking to have the Alaska decree established as a judgment of this state and "that it be ordered, adjudged and decreed that plaintiff is entitled to the custody, care and control of the minor child of the parties." Concurrently, an order to show cause issued, directing the defendant to show cause why plaintiff should not be granted custody of the child pending litigation, why defendant should not be ordered to pay child support and suit money as ordered by the Alaska court, and attorneys' fees in the pending action. The supportive affidavit, while imperfectly drafted, purports to set forth two bases for an award to plaintiff of temporary custody: (1) the custody provision of the Alaska decree, and (2) the best interests and welfare of the child.

Defendant did not file any responsive affidavits. He appeared in person and by counsel at the show cause hearing. Plaintiff appeared through counsel but was not present.

At the beginning of the hearing plaintiff introduced and

494

there were received in evidence as exhibits exemplified copies of the Alaska proceedings consisting of proof of service on the defendant in California of the summons and complaint, findings of fact and conclusions of law and the decree; also a reporter's transcript of the Alaska default proceedings and two affidavits executed by plaintiff, apparently submitted in lieu of personal testimonial evidence. The record discloses only a terse, parenthetical comment of the reporter that these exhibits were "received in evidence." During the course of the hearing plaintiff introduced in evidence the entire original pleading file from the office of the county clerk relating to the California divorce action and a reporter's transcript of the testimonial evidence taken at the default hearing of that action. The record does not disclose an objection on the part of defendant to the introduction of any of these exhibits.

The order pendente lite, entered on March 28, 1963, reads as follows:

"The above entitled matter, coming on regularly to be heard February 4, 1963, J. Richard Thomas by Dustin N. Jameson appearing for the Plaintiff, and Eugene W. Mc-Knight appearing for the defendant, and the Court having considered both oral and documentary evidence, and the matter having been taken under submission, the Court finds that that Certain Interlocutory Decree of Divorce, dated and entered July 13, 1962, by and between MICHAEL M. CHICHESTER, Plaintiff, and NONA L. CHICHESTER, Defendant, No. 83804, pending in the Superior Court of the State of California, in and for the County of Kern, is null and void for lack of jurisdiction as said Interlocutory Decree appertains to the custody of BECKY LEE CHICHESTER, born February 25, 1960; and that the custody of BECKY LEE CHICHESTER during the pendency of this action should be awarded to the Plaintiff, pursuant to that certain Decree of Divorce obtained August 3, 1962 in the Superior Court of Alaska, Third District in an action entitled NONA LARRAINE CHICHESTER, Plaintiff vs. MICHAEL MORRIS CHICHESTER, Defendant, File No. 62-662, and the Court finds that said Decree of Divorce of the State of Alaska, as aforesaid, is entitled to full faith and credit; and, GOOD CAUSE APPEARING THEREFOR,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

"1. That that certain Interlocutory Decree of Divorce, No. 83804, Superior Court of the State of California, in and for the County of Kern, is hereby declared null and void as the

same appertains to the custody of BECKY LEE CHICHESTER, born February 25, 1960.

"2. That the custody of BECKY LEE CHICHESTER, born February 25, 1960, during the pendency of this action, is hereby awarded to the Plaintiff, Nona Larraine Chichester, pursuant to that certain Decree of Divorce in Cause No. 62-662 entitled Nona Larraine Chichester vs. Michael Morris Chichester, Superior Court for the State of Alaska, Third District, obtained August 3, 1962, and the Court hereby determines that said Decree of Divorce of the State of Alaska is entitled to full faith and credit.

"3. Defendant is hereby required to pay to J. RICHARD THOMAS, attorney for Plaintiff herein, the sum of One Hundred Dollars ($100.00), as and for attorney's fees, with leave to said attorney to apply for additional fees in the event that this matter should proceed to trial as a contested matter."

Thereafter, on May 20, 1963, the trial court made its further order providing, in pertinent part, that the temporary custody award to plaintiff be stayed and custody of the child remain in defendant pending final determination of this appeal.

The controlling questions on this appeal are whether or not the trial court exceeded its jurisdiction in determining, at a show cause hearing for temporary custody, the validity or invalidity of the Alaska decree and the custodial provision of the California decree, and erred in awarding to plaintiff temporary custody of the child "pursuant to" the Alaska decree. We have concluded, for reasons which appear hereinafter, that the order is erroneous.

▇ The essence of the action as brought and pleaded by the plaintiff is not the enforcement of the Alaska decree, but that the Alaska decree be established as, and made a judgment of, a California court, entitled to legal and extraordinary enforcement remedies of execution, judgment lien by abstract recorded, or contempt proceedings as are available to an original California decree containing custody and child support provisions. (See *Bruton* v. *Tearle*, 7 Cal.2d 48 [59 P.2d 953, 106 A.L.R. 580].) She has thus submitted herself to the jurisdiction of a California court, and by seeking a custodial order by separate statement in the prayer of the complaint, has invoked the jurisdiction of that court in respect to the issue of child custody. The court thus has juris-

diction over both parents and the child is now a resident and inhabitant of this state.

Jurisdiction over the custody issue present, the court had power to make a temporary custodial order. *Hudson* v. *Hudson,* 52 Cal.2d 735 [344 P.2d 295], and *Hood* v. *Hood,* 211 Cal.App.2d 332 [27 Cal.Rptr. 47], involved actions to establish foreign alimony judgments in California. Although *Hudson* was primarily concerned with the concept of the divisible divorce, the Supreme Court indicated that temporary alimony and attorneys' fees were available to the plaintiff to maintain her action for permanent alimony under the general equity powers of the court. In *Hood* the appellate court was squarely faced with the contention that the trial court lacked jurisdiction to award alimony pendente lite, statutory authority therefor absent. It was held that the court had equity power, independent of statute, to award alimony pendente lite.

In *Oravec* v. *Superior Court,* 115 Cal.App.2d 581 [252 P.2d 364], the wife had been granted a divorce in another state, the decree providing that she have custody of the minor children and ordering the husband to make payments for their support. A subsequent action brought by the wife in the California court to establish the foreign decree as a local judgment and seeking support for the children was treated as an action against the father of the children for their support, maintenance and education within the purview of section 137.1 of the Civil Code. It was held that the court had jurisdiction to make an award of temporary support and suit money and it was said to be immaterial that the plaintiff was also seeking to establish the foreign decree as a judgment of this state. To the same effect are *Dixon* v. *Dixon,* 216 Cal. 440 [14 P.2d 497]; *Warren* v. *Superior Court,* 132 Cal.App.2d 392 [282 P.2d 207]; and *Starr* v. *Starr,* 121 Cal.App.2d 633 [263 P.2d 675]. ■■■ Thus, even in the absence of authority conferred by statute, the courts of this state have inherent power, where the prayer is for custody, to make a temporary custody order. (*Titcomb* v. *Superior Court,* 220 Cal. 34 [29 P.2d 206].) ■■■ Defendant, however, contends that the trial court lacked jurisdiction to determine the validity or invalidity of the respective decrees at a pendente lite hearing. We are in accord. The record shows affirmatively that all that was sought was temporary custody, child support, and suit money. The trial court was mistaken and misled into believing that the validity of the respective divorce decrees

was in issue. While, on its face, the plaintiff's complaint does not challenge the validity of the California custody order, as a pragmatic matter if the Alaska decree is given full faith and credit the California order is a nullity. By seeking to establish her Alaska decree as a judgment of this state plaintiff has as effectively attacked the validity of the California custody order as if she had brought an action for that sole purpose, since neither the law nor logic can accept the premise that both decrees may coexist as California judgments containing conflicting custody orders. She then turned about face and introduced a transcript of testimony adduced at the California default hearing, as well as the entire original pleading file relating to that action, which effectively challenged the validity of her Alaska decree. The trial judge was thus misled into erroneously believing that the validity or invalidity of the decrees was in issue and made an order, in terms absolute, which disposes of the principal ultimate issues framed by the pleadings. The determination of those issues is not an essential incident to a proper determination of an application for temporary custody.

■ An order to show cause is, in effect, a notice of motion. (Code Civ. Proc., § 1006; *Forslund* v. *Forslund,* 225 Cal.App.2d 476 [37 Cal.Rptr. 489].) A preliminary hearing thereon for relief pendente lite is a proceeding independent of, and collateral to, the main action. (*Lincoln* v. *Superior Court,* 22 Cal.2d 304 [139 P.2d 13].) At such hearing the court should not consider the merits of the case further than is necessary to grant the relief requested. ■ The party seeking relief must make out a prima facie case, but the evidence need not be so extensive as upon the trial of the issues on the merits. (*Kowalsky* v. *Kowalsky,* 145 Cal. 394 [78 P. 877].) ■ Although findings of fact and conclusions of law are required, unless waived, after trial of a proceeding to establish a foreign divorce judgment (see 2 The Cal. Family Lawyer (Cont. Ed. Bar) comment at p. 1492), findings are unnecessary on a motion (*Skouland* v. *Skouland,* 201 Cal.App. 2d 677 [20 Cal. Rptr. 185]; *Lawrence* v. *Lawrence,* 165 Cal. App.2d 789, 792 [332 P.2d 305]; *Smith* v. *Smith,* 135 Cal. App.2d 100, 106 [286 P.2d 1009]), or a pendente lite order.

Concededly there are cases of such a nature that the ultimate objective of the main action is inevitably involved in a determination of the right to temporary relief. In the family relationship field, such actions include paternity suits brought under section 196a of the Civil Code where proof of

paternity is said to be jurisdictional to a pendente lite order for support and suit money (*Krog* v. *Krog,* 32 Cal.2d 812 [198 P.2d 510]; *Carbone* v. *Superior Court,* 18 Cal.2d 768 [117 P.2d 872, 136 A.L.R. 1260]); suits for alimony where the defense claims the marital relationship has been terminated by a valid final divorce decree of another jurisdiction (*Gromeeko* v. *Gromeeko,* 110 Cal.App.2d 117 [242 P.2d 41]); and in suits where the fact or validity of the original marriage is in dispute, it is incumbent upon the court to determine the existence of the marriage before an award of temporary alimony or suit money may be made (*Hite* v. *Hite,* 124 Cal. 389 [57 P. 227, 71 Am.St.Rep. 82, 45 L.R.A. 793]; *In re Cook,* 42 Cal.App.2d 1, 3 [108 P.2d 46]). In such cases the right to temporary support and suit money is dependent upon the existence of a relationship, and at a show cause hearing the court must determine the existence or nonexistence of the relationship in order to justify the granting of relief. Such prior findings are not res judicata or conclusive upon the court at the subsequent trial on the merits. (*Weak* v. *Weak,* 202 Cal.App.2d 632 [21 Cal. Rptr. 9].)

Under the view taken by the courts in some of the older cases an award of custody in a divorce action was "a mere incident to the main relief granted," and if a decree of divorce was moot by reason of a prior absolute foreign decree dissolving the marriage, the custody award fell. (*In re Brown,* 90 Cal.App.2d 651, 654-655 [203 P.2d 799].) Under that early view an application for temporary custody would place in issue the validity of the foreign decree. But since the decision of the Supreme Court of the United States in *May* v. *Anderson,* 345 U.S. 528 [73 S.Ct. 840, 97 L.Ed. 1221], the concept of the divisible divorce has been applied in custody cases, severing the custodial order from the decree granting a divorce in a proper case. The decisional law of this state is in accord. An apt discussion is found in *Titcomb* v. *Superior Court, supra,* 220 Cal. 34, at pages 39-40: "It must be conceded that although the Arizona divorce and custody decrees were in all respects valid, the courts of the State of California would nevertheless have jurisdiction upon the children thereafter becoming residents or inhabitants of this state to determine their custody in accordance with their best welfare. [Citations.] It is of the inherent nature of custody decrees, whether entered in divorce proceedings or independently thereof, that they are not final and conclusive, but

subject to modification in the state where rendered as circumstances change. Where children whose custody has been the subject of judicial inquiry in another state subsequently become residents or inhabitants of this state, they are subject to the supervisory jurisdiction and guardianship of this state, to be exercised for their protection. The paramount concern in awarding custody as between parents is the welfare of the child, who is not the property of his parents. . . .

"It follows in the case herein that the right of this state to inquire into the custody of the minors, provided they are residents or inhabitants of this state, does not depend upon the Arizona custody decrees being subject to collateral attack on jurisdictional grounds. Nor does the right to maintain a custody proceeding in this state depend upon the validity or invalidity on jurisdictional grounds of the Arizona divorce decree. . . . The courts of this state . . . have inherent jurisdiction without express statutory provision therefor to inquire into the custody of children resident in this state, although their parents may have been validly divorced in another state, either with or without provision for custody of the children of the marriage."

It is therefore clear that where temporary custody is in issue as between parents, it is the duty of the court on a show cause hearing to determine which parent is entitled to temporary custody and, in determining such question, the validity of conflicting prior custody orders is not necessarily involved. In determining that one parent is entitled to temporary custody the trial court must pass merely on the question of what would best subserve the welfare of the child. (*Titcomb* v. *Superior Court, supra,* 220 Cal. 34.)

It was therefore beyond the authority and jurisdiction of the court, in this type of action and at this stage of the proceeding, to decree that the Alaska judgment is entitled to full faith and credit and that the custodial order in the California decree is null and void.

From the language employed by the court in its order, it is apparent that it believed it was bound absolutely by the custodial order of the Alaska court and predicated its award of temporary custody in favor of plaintiff solely on that erroneous ground. If the custodial order is correct on any other ground the fact that the court erroneously believed that it was bound by the custody provision of the Alaska decree is immaterial. It is the validity of judicial action which is reviewable; not the opinion of the court or its statement of the

reason for its action. (*Southall* v. *Security Title Ins. etc. Co.,* 112 Cal.App.2d 321, 323 [246 P.2d 74]; 3 Witkin, Cal. Procedure, § 76, p. 2234.) The controlling principle is the welfare of the child. As to those factors which are generally considered by a court in determining what best subserves the welfare of the child (see *Lawrence* v. *Lawrence,* 165 Cal. App.2d 789, 792 [332 P.2d 305]; *Saltonstall* v. *Saltonstall,* 148 Cal.App.2d 109, 114-116 [306 P.2d 492]), the evidence in this case is insufficient to justify the custody order. The inadequacy of the evidence in this respect may probably be attributed to the fact that plaintiff proceeded with this hearing on the primary ground that she was entitled to custody by reason of the Alaska custodial order.

Therefore, in accordance with the established law of this state controlling orders granting custody of minor children and the underlying but paramount principle that such awards must be made in the best interests and for the welfare of the child, this order must be reversed and remanded so the trial court may be afforded the opportunity to exercise the discretion vested in it to make a temporary award of custody on a proper basis, and to that end the court may take such additional evidence as it may deem necessary.

The order is reversed.

Conley, P. J., and Stone, J., concurred.