[Crim. No. 7981. Second Dist., Div. Three. Dec. 15, 1961.]

In re BOBBY F. NORMAN on Habeas Corpus.

Earl Klein for Petitioner.

William B. McKesson, District Attorney (Los Angeles County), Harry Wood and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

FRAMPTON, J. pro tem.*—██ Petitioner seeks his release on habeas corpus on the grounds that he was deprived of his constitutional rights in that the court failed to advise him at the time of his arraignment for plea, and arraignment at the time of the pronouncement of judgment and sentence that he was entitled to be represented by counsel. (Cal. Const., art. I, § 13; Pen. Code, § 686.)

Petitioner was in the Municipal Court of El Monte Judicial District, County of Los Angeles, charged with violation of section 270, Penal Code (failure to provide for a minor child). A certified copy of the docket of said court shows that peti-

_____
*Assigned by Chairman of Judicial Council.

tioner was arraigned on said charge on March 30, 1960; that he was present without counsel at said arraignment and was "duly arraigned, informed of the charge against him and his legal rights." The docket further shows that petitioner gave his true name; entered his plea of guilty to the offense as charged and waived time for sentence; that an application for probation was made and hearing thereon was set for April 20, 1960, petitioner having waived the statutory time. He was released on his own recognizance pending hearing on such application.

On April 20, 1960, petitioner was present without counsel at which time the court suspended the imposition of sentence and placed him on probation for the period of three years, one of the conditions being that he pay through the probation officer for the support of his minor children the sum of not less than $60 per month.

June 21, 1961, petitioner was in court without counsel on an order to show cause why he should not be held in violation of the order granting probation for his failure to pay the sums ordered. The court, after hearing the matter, found petitioner in violation, revoked probation and sentenced him to one year in the county jail with directions that he be compelled to work and that funds available from his earnings be applied to the support of his minor children (Pen. Code, § 273h).

The affidavit of the deputy clerk on duty at all times during the entire session of the court on June 21, 1961, which is attached to the return, shows that all defendants as a group were advised of their legal rights by the judge presiding and in the following language: "You are informed that under the Constitution of the State of California you are entitled to the following rights: To be informed of the charges against you; to a public and speedy trial; to a trial by judge or jury; to be represented by counsel of your own choosing at all stages of the proceedings, including this one; to be confronted by the witnesses against you at the time of your trial; to have subpoenas issued for witnesses on your behalf; and to be released on reasonable bail pending trial."

Petitioner claims that the prosecuting attorney, not naming him, told him that if he would plead guilty he would not be sent to jail, so he pleaded guilty. The certified docket shows that the People were not represented at any stage of the proceedings.

The conflict raised by the allegations of the petition and the return and affidavit attached thereto, as to whether the

petitioner had in fact been advised of his constitutional rights at the time of plea and pronouncement of judgment and sentence, also whether he had been deprived of the exercise of his free will and judgment to his prejudice, in entering his plea of guilty to the charge on the promise of the prosecutor that in so doing he would not be sent to jail, made it necessary to appoint a referee to conduct a hearing on these issues and to make and report his findings thereon to this court. Such hearing was had and the referee submitted his findings together with a certified transcript of the oral proceedings before him. He found that petitioner had been advised at all stages of the proceedings below, of his constitutional rights including the right to be represented by counsel and that someone in the El Monte office of the district attorney had told petitioner on the day that he entered his plea that if he would plead guilty to the charge he would not be sent to jail. We have examined the transcript of the oral proceedings before the referee and find ample evidence therein to sustain his findings. We therefore adopt such findings.

It appears from the evidence adduced at the hearing that the trial judge, in open court both at the time of the arraignment for plea and arraignment for judgment and sentence, orally advised the defendant of his constitutional rights and in addition the bailiff distributed to each defendant a paper containing the language hereinabove referred to in the affidavit of the deputy clerk on duty. Furthermore, it was the long-standing policy of the court below not to sentence first offenders upon conviction of violation of section 270, Penal Code, but to place them on probation and thereby give them a fair opportunity under the supervision and guidance of the probation officer to contribute to the support of their families within their ability so to do. This policy was undoubtedly known to the prosecuting attorney and the statement of someone in his office to petitioner that upon his plea of guilty he would not be sentenced to jail, was based upon this policy. It is clear from the record that petitioner was not sentenced to jail upon the entry of his plea of guilty. On the contrary he was released on his own recognizance after the entry of such plea and pending the hearing on his application for probation. He was granted probation and remained at liberty thereon until he was found to have violated the terms thereof. One year and 83 days elapsed from the time of entry of the plea of guilty until the time of the pronouncement of judgment and sentence upon revocation of probation. There is

nothing in the foregoing circumstances to suggest that the statement of the person in the district attorney's office was made in bad faith or that it misled petitioner to his prejudice.

The writ is discharged and petitioner is remanded to the custody of the sheriff of Los Angeles county in execution of the judgment and sentence heretofore pronounced.

Shinn, P. J., and Ford, J., concurred.