[No. B133998. Second Dist., Div. Four. Sept. 19, 2000.]

In re DANIEL M. WILLIAMS on Habeas Corpus.

## COUNSEL

Robert Bryzman, under appointment by the Court of Appeal, for Petitioner.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Lawrence M. Daniels and Stephanie A. Mitchell, Deputy Attorneys General, for Respondent.

## OPINION

## VOGEL (C. S.), P. J.—

### INTRODUCTION

In this matter the petitioner was convicted of escape pursuant to a plea bargain which included a provision for presentence credit. After the sentence was entered, the Department of Corrections informed the trial court that petitioner is not entitled to presentence credit because petitioner was serving a prior prison sentence when he was sentenced here. Without holding a hearing, the trial court amended its sentence, striking the provision for presentence credit. Petitioner contends that the trial court had no jurisdiction to amend the sentence and is bound by the terms of the plea bargain. The

issues presented are: (1) may the trial court strike the provision for presentence credit at the request of the Department of Corrections without affording petitioner an opportunity to be heard; and (2) if the sentencing provision for the presentence credit is vacated, may petitioner withdraw from the plea bargain.

### Summary of Facts

Petitioner Daniel M. Williams was convicted of a violation of Health and Safety Code section 11352 in March 1994 and was placed on probation for 36 months on condition that he serve 365 days in the county jail. Thereafter, for reasons not revealed in this record, petitioner's probation was revoked and on August 15, 1994, he was sentenced to state prison for the term of four years. On January 17, 1996, petitioner left his place of incarceration and failed to return to it.

Petitioner was arrested and charged with a violation of Penal Code section 4530, subdivision (c).[1] The information alleged petitioner had suffered two prior convictions of serious felonies within the meaning of sections 667, subdivisions (b) through (i), and 1170.12, subdivisions (a) through (d), and one prior prison term pursuant to section 667.5, subdivision (b).

When the matter was called for trial on June 12, 1996, the court inquired if petitioner understood that the prosecution was willing to accept a plea with a reduced sentence. In the presence of petitioner, the court stated: "[T]his is a third strike case. . . . [I]f the defendant is convicted by a jury in this case, then the sentence will be 25 years to life." The court then explained its understanding of the agreement as negotiated between the prosecutor and petitioner's attorney: "[T]he defendant could plead straight up or nolo contendere to this case and admit one prior and then that would be . . . sentenced to the high base multiplied times two with an additional year for the prior and that the year for the prior would be stayed permanently and the maximum sentence he would receive is six years in the state prison. . . . However, I believe that Mr. Williams has time credits from January the 17th of 1996 up to date, and I believe . . . he can be given 40 good time/work time credits up to the time of sentencing." Petitioner rejected the offer and the court called for a jury panel.

On the next day, June 13, 1996, and before a jury was impaneled, petitioner's counsel informed the court that petitioner was "willing to accept six years with the understanding that he would not be waiving his right to appeal." The prosecutor responded: "The People are not making that offer."

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

She continued: "The previous offer made by the People was six years state prison." Following discussion off the record, the prosecutor stated: "The agreed upon disposition is that we will have the high term doubled. That is that the People will be striking one of the two strike allegations. There will be a plea to count 1 for a total of six years state prison and the 667.5(b) allegation will not be pleaded. . . . I won't state them and I will not have him plead to it." Petitioner accepted the bargain. The prosecutor then proceeded to take the required waivers from petitioner and petitioner then entered a plea of guilty and admitted one prior.

The court approved and accepted the plea and, among other things, inquired "What is the good time/work time credits now?" The prosecutor stated: "We will be willing to give him [credit] from the arraignment." Thereafter, the court imposed a sentence of six years in state prison and stated petitioner was "given credit for 194 days in custody. That includes 65 days good time/work time credit that he earned."[2] Petitioner was remanded to custody for transportation to state prison. The trial court's minute order provided: "Defendant is given total credits of 194 days (129 actual and 65 good time/work time)."

On May 23, 1997, the Department of Corrections sent a letter to the trial court advising that the abstract of judgment may be in error because petitioner was convicted of escape pursuant to section 4530, subdivision (c). The department cited *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789] as authority for its contention that the provision for presentence custody is impermissible.[3] On July 16, 1997, the trial court entered an order nunc pro tunc modifying its June 13, 1996, sentencing minute order pursuant to the "request" of the Department of Corrections by striking the provision granting petitioner presentence credit of 194 days with the explanation that: "Pursuant to [*I*]n re Rojas[, *supra*,] (23 Cal.3d 152/ . . .), the defendant is not entitled to any custody credits."

---

[2] When the trial court inquired about credits for time in custody, petitioner's counsel stated: "The thing is, based on the charge, because it was an escape, when he is arrested he does not start getting credit on this case until the sentencing." After that, petitioner's counsel engaged in negotiating for his custody credits to run from the date of arrest and agreed to the calculation of 194 days of credit.

[3] "The Abstract of Judgment reflects Count 1, PC Section 4530(c) Fail Return Rel Program, upper term 6 years imposed pursuant to Section 1170.12(A)-(D). As this escape occurred on January 17, 1996, while the defendant was serving a term of incarceration in state prison on case SA018982, we have recorded Case BA127071 fully consecutive to Case SA016962 pursuant to 1170.1(c). [¶] 2. The Abstract of Judgment reflects a total of 194 days presentence credit for time spent in local custody. The defendant was received by the Department of Corrections on September 13, 1994 and was serving a term of incarceration at the time the escape occurred. Therefore, pursuant to *In re Rojas*[, *supra*,] (23 Cal.3d 152/. . .), the defendant is not entitled to any custody credits."

On December 5, 1997, the trial court heard petitioner's writ of habeas corpus to request the dismissal of his prior "strikes" pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]. Petitioner was present for the hearing and the court denied his request. The trial court explained its reasons for denial: "He made a deal, and I think it was a good deal . . . because he was looking at mandatory sentence of 25 [years] to life. Because of the good counsel of his attorney and the advice of his attorney, he worked out a settlement for a period of six years. He was given his credits up to the date of conviction. . . . On that basis, that is a case settlement, the motion for further reduction for the court to strike is denied." The trial court made no mention of the fact that it had stricken the provision for presentence credit. In fact, it implied the credits remained intact.

On March 2, 1999, petitioner sent the trial court a letter apparently protesting the nunc pro tunc order striking the provision granting him 194 days of presentence custody credits and requested the "appropriate motion to . . . allow me to force the specific [terms] of the plea bargain." On March 12, 1999, without any hearing, the court indicated by minute order that it had read and considered petitioner's letter and denied his "informal request for additional credits."

On May 4, 1999, petitioner filed a motion in the trial court for an order awarding him the "conduct credits agreed to as a material part of the plea bargain." On May 6, 1999, without the presence of petitioner or his counsel, the motion was denied. On June 24, 1999, petitioner filed a petition for writ of error *coram nobis* in the trial court. The petition was supported by petitioner's declaration in which he states that he relied on the representation that he would receive presentence credit as a condition of his plea bargain. He specifically declared: "My own attorney informed me that I would begiven [*sic*] the pre-sentence credits[,] however, it was the promises and inducements of the Court and the prosecutor that caused me to change my plea." The trial court denied the petition for lack of legal merit on June 28, 1999. Petitioner filed an appeal from the denial of his petition for writ of error *coram nobis*.

On April 18, 2000, this court deemed petitioner's appeal to be a petition for writ of habeas corpus review because all pertinent exhibits have been included in the certified record on appeal and petitioner submitted an appellant's opening brief.

## DISCUSSION

## I

Because petitioner was convicted of escape pursuant to section 4530, subdivision (c), he was not entitled to presentence credit pursuant to section 2900.5 if he was serving a prison term for another offense at the time he was sentenced in the present matter. (*In re Rojas, supra,* 23 Cal.3d 152, 156 ["There is no reason in law or logic to extend the protection intended to be afforded one merely *charged* with a crime to one already incarcerated and serving his sentence for a first offense who is then charged with a *second* crime."]; *People v. Delarosa* (1986) 176 Cal.App.3d 318, 321 [221 Cal.Rptr. 743].) It was on that premise that the Department requested the trial court to amend its sentence to strike the 194 days credit for good time/work time.

Petitioner contends that the record before this court does not prove that he was serving a sentence at the time he was sentenced pursuant to his plea bargain. That is true even though the probation report includes a reference to petitioner being sentenced to state prison for four years on August 15, 1994. Similarly the communication to the trial court from the department states that petitioner was serving a term of incarceration at the time the escape occurred. Both the probation report and the Department of Corrections' letter are hearsay and neither qualifies for the exception under Evidence Code section 1280.

■ Before the trial court could correct the sentence in accordance with the department's suggestion, the matter should have been returned for a hearing with petitioner present. Striking the presentence credit materially changes the plea bargain and thus involves a liberty interest. (See *People v. Olivas* (1976) 17 Cal.3d 236, 245 [131 Cal.Rptr. 55, 551 P.2d 375].) Therefore, fundamental due process entitled petitioner to an opportunity to be heard before he could be deprived of the presentence credit he received when sentenced on June 13, 1996.

In *People v. Shabazz* (1985) 175 Cal.App.3d 468 [221 Cal.Rptr. 15], a trial court amended its judgment to strike an allowance of presentence credits without holding any hearing. There the defendant was serving a prior sentence at the time of his second sentence in which he was granted such credits. The fact that the first incarceration was established on the record when presentence credit was first awarded resulted in an obviously unlawful sentence. Here, the trial court's record does not show that defendant was serving a previously imposed sentence, and that fact would have to be established to justify amending the judgment. Consequently, petitioner had a

right to notice, to be heard, and to be represented by counsel before the trial court could strike the provision for presentence credit. In other words, the trial court was required to afford petitioner his constitutional due process rights. (7 Witkin, Summary of Cal. Law (9th ed. 1988) Constitutional Law, § 502(b), pp. 694-695.)

*In re Levi* (1952) 39 Cal.2d 41, 45 [244 P.2d 403], declares that ". . . judgment and sentence in felony cases may be imposed only in the presence of the accused. If judgment is pronounced in his absence, and no justifying circumstances are shown, the judgment must be set aside. [Citations.] [¶] A defendant has substantial rights at the time he is arraigned for judgment, because he may be able to show good cause why the judgment should not be pronounced against him. . . . If judgment is pronounced in his absence, he is deprived of these rights." By analogy, the judgment pronounced here cannot be amended without affording petitioner the same due process rights which accrued when it was first imposed. (See *People v. Rodriguez* (1998) 17 Cal.4th 253, 260 [70 Cal.Rptr.2d 334, 949 P.2d 31].)

There is, of course, no reason why the trial court could not amend the judgment after appropriate notice and hearing. If petitioner in fact was incarcerated and serving a sentence at the time sentence was imposed here, the grant of presentence credit resulted in an unlawful sentence. Following the letter from the department it was incumbent on the trial court to hold a hearing to take evidence in the presence of petitioner and to correct the judgment if the circumstances showed that petitioner was serving a prior sentence precluding presentence credit for time served.

## II

Petitioner contends that striking the presentence credits from the judgment not only violated his due process rights, but violated his plea bargain. The trial court's inquiry when the matter was first called for trial revealed that the prosecutor had proposed a six-year prison term and good time/work time credits up to the time of sentencing. Although petitioner rejected this initial offer, he accepted it the next day. It is true that when the prosecutor stated the "agreed upon disposition" before taking the plea she did not refer to any presentence credits. However, when the trial court commented at the time of sentencing, "What is the good time/work time credits now," the prosecutor responded that petitioner would be given credit from the date of arraignment. Petitioner claims that it was his understanding that he would receive presentence credit as a material term of his plea bargain. There is no evidence that his understanding was erroneous, save for the aside of his counsel that he may not be entitled to any credit until

sentencing. Under the circumstances and in the absence of any explicit evidence to the contrary, petitioner's contention that he entered his plea with the understanding that the agreed-to disposition included presentence credits of 194 days is sufficient to establish that premise.

■ "A violation of a plea bargain is not subject to harmless error analysis. A court may not impose punishment significantly greater than that bargained for by finding the defendant would have agreed to the greater punishment had it been made a part of the plea offer. 'Because a court can only speculate why a defendant would negotiate for a particular term of a bargain, implementation should not be contingent on others' assessment of the value of the term to defendant. [¶] . . . [¶] Moreover, the concept of harmless error only addresses whether the defendant is prejudiced by the error. However, in the context of a broken plea agreement, there is more at stake than the liberty of the defendant or the length of his term. "At stake is the honor of the government[,] public confidence in the fair administration of justice, and the efficient administration of justice . . . ." ' " (*People v. Walker* (1991) 54 Cal.3d 1013, 1026 [1 Cal.Rptr.2d 902, 819 P.2d 861].) ■ Accordingly, we do not speculate why petitioner negotiated for presentence credit as a material term of his sentence, but 194 days of credit amounts to six months' credit against a six-year term. That is hardly trivial.

■ "The usual remedies for violation of a plea bargain are to allow defendant to withdraw the plea and go to trial on the original charges, or to specifically enforce the plea bargain. Courts find withdrawal of the plea to be the appropriate remedy when specifically enforcing the bargain would have limited the judge's sentencing discretion in light of the development of additional information or changed circumstances between acceptance of the plea and sentencing. Specific enforcement is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances." (*People v. Mancheno* (1982) 32 Cal.3d 855, 860-861 [187 Cal.Rptr. 441, 654 P.2d 211].)

■ In the present matter, the remedy remains open to resolution. If, on remand, it is proven that petitioner was serving a prison term when he was sentenced for the escape, he is not entitled to the 194 days of good time/work time. A plea bargain that purports to authorize the court to exercise a power it does not have is unlawful and may not be enforced. "When a defendant is convicted of a crime by either plea or verdict, it is the duty of the court to pass sentence and impose the punishment prescribed. (Pen. Code, § 12.) Pursuant to this duty, the court must either impose the prescribed punishment or grant probation in a lawful manner. [Citations.]

. . . [¶] Here, the plea bargain purports to authorize the court to exercise a power it does not have. Since the plea bargain cannot be carried out according to its terms, the orders entered on the basis of the plea bargain must be vacated." (*People v. Floyd P.* (1988) 198 Cal.App.3d 608, 612 [244 Cal.Rptr. 269].) Therefore, only if the agreed-upon disposition calls for a sentence that is permitted by law may the provision for presentence credits be specifically enforced. (*People v. Harvey* (1980) 112 Cal.App.3d 132, 139 [169 Cal.Rptr. 153] ["[I]n computing one's sentence under a plea bargain, even though agreed to by the parties, the court may not give effect to an enhancement unauthorized by law."].)

### III

Petitioner contends that the trial court was without jurisdiction to amend its sentence. Petitioner relies on *People v. Karaman* (1992) 4 Cal.4th 335 [14 Cal.Rptr.2d 801, 842 P.2d 100] for the proposition that the trial court is deprived of jurisdiction to resentence a defendant once execution of sentence has commenced. That is a true proposition, but wholly inapplicable to this matter. Section 1170, subdivision (d) provides in part, "[A]t any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, [the court may] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." In *People v. Hill* (1986) 185 Cal.App.3d 831 [230 Cal.Rptr. 109], the defendant pleaded guilty to four counts of child molestation and the trial court sentenced him to consecutive terms equaling 16 years. The department notified the trial court that the sentence was illegal; the maximum consecutive sentence permitted by law is 14 years. On remand the defendant was sentenced to 14 years, but the defendant objected because the trial court's initial mistake was that it had calculated the 16-year term by imposing an unauthorized subordinate term of eight years. The defendant contended that the sentence should be modified by striking only the erroneous subordinate term. The appellate court affirmed the resentence of 14 years. ■ "When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. . . . We see no reason why this reasoning should not apply where, as here, the Department of Corrections rather than the Court of Appeal notifies the trial court of an illegality in the sentence." (*Id.* at p. 834.)

As we have explained, *ante*, the trial court cannot approve a plea bargain that calls for an unlawful sentence. Were it not that the presentence credit was a material term of the plea bargain entitling petitioner to withdraw his

plea, an unauthorized award of credits should be stricken, leaving the prison term imposed undisturbed. Applying the analysis of *People v. Hill, supra,* 185 Cal.App.3d 831, we see no reason why the department cannot bring such error to the attention of the trial court. The fact that the loss of good time/work time presentence credit could result in longer incarceration of petitioner does not overcome the fundamental requirement that the trial court can only approve a plea bargain that provides lawful terms. Therefore, the trial court is authorized to strike the credit upon the request of the department if the trial court finds factual support for the department's contention and affords petitioner his due process rights.

Petitioner misconstrues *People v. Montalvo* (1982) 128 Cal.App.3d 57, 64 [183 Cal.Rptr. 242], which he cites for the proposition that the trial court lacked jurisdiction to correct the erroneous award of credit. The "judicial error" referred to in *Montalvo* was an erroneous factual finding concerning the number of days of actual custody or the portion of those days attributable to a different offense. The error in the present case involves only an error of law resulting in an award of credit which the law does not authorize. *Montalvo* expressly recognized that a legal error in awarding credits unauthorized by law can be corrected. (*Ibid.*, distinguishing *People v. Macias* (1979) 93 Cal.App.3d 788 [156 Cal.Rptr. 104]; *People v. Shabazz, supra,* 175 Cal.App.3d 468, 473-474.)

### DISPOSITION

The petition is granted and this matter is remanded to the trial court for further proceedings in accordance with the views expressed in this opinion. To be clear, the trial court shall vacate its order of July 16, 1997, and set a noticed hearing to consider the recommendations of the Department of Corrections with the petitioner present and represented by counsel to determine if the sentence imposed by its order of June 13, 1996, is lawful insofar as it provides for presentence credits. If the trial court concludes that petitioner is not entitled to presentence credits, it shall amend the sentence to delete any unlawful provision and the petitioner may then elect to withdraw from the plea bargain.

Epstein, J., and Curry, J., concurred.

A petition for a rehearing was denied October 18, 2000, and the opinion was modified to read as printed above. Petitioner's petition for review by the Supreme Court was denied January 17, 2001.